KIMBERLY D. BORLAND, ESQUIRE
BORLAND & BORLAND, LLP
69 PUBLIC SQUARE
11TH FLOOR
WILKES-BARRE PA  18701

Attorneys for Plaintiff:

DARIN MCMULLEN, ESQUIRE
JERRY GOLDMAN, ESQUIRE
ANDERSON KILL & OLICK, P.C.
1600 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103

Attorneys for Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLAN CHESKIEWICZ, | ) | CASE NO. 12-CV-00369 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HERAUES NOBLELIGHT LLC. | ) | |
|     Defendant | ) | |
| | ) | |

## JOINT CASE MANAGEMENT PLAN

    <u>Instructions</u>:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

    No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.  Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:
           By plaintiff(s):

Mr. Cheskiewicz, born in 1960, began his employment with Defendant in January, 2007, as a sales manager for optics in North and South America.  He was terminated by Defendant on February 11, 2010.  Defendant's articulated reason for Mr.Cheskiewicz's termination was "poor performance."  However, the articulated reason was pretextual, in that the budget and goals set for him were unrealistic and beyond his reach, to the knowledge of Defendant.  To the extent they were not reached, it was as the result of external circumstances beyond Mr. Cheskiewicz's control.  Further, Defendant transferred sales credit from Mr. Cheskiewicz's group to other groups internationally without reciprocity.

Defendant replaced Mr. Cheskiewicz with a person under the age of forty.
The discriminatory actions by Defendant are part of a continuing pattern of age discrimination against other employees.

Defendant has made a counterclaim with its Answer filed on April 26, 2012, the allegations of which are being investigated.

       By defendant(s):

Defendant Heraeus NobleLight LLC ("HNI") denies that it engaged in any discriminatory conduct in terminating Mr. Cheskiewicz's employment and any other employees alleged by Mr. Cheskiewicz.  He signed an employment agreement affirming that he was an at-will employee and setting forth other duties and responsibilities, among others to return all data, documentation and equipment upon his termination and not to engage in any competitive activities for a designated period of time.  HNI terminated Mr. Cheskiewicz for poor performance, among other reasons, and demanded that he return all documentation and equipment.  In some cases, HNI did not possess copies of the documentation Mr. Cheskiewicz  misappropriated.  Mr. Cheskiewicz failed to return certain equipment and documentation in contravention of his employment agreement.  HNI asserts the following counterclaims:  breach of contract; misappropriation of trade secrets; and an equitable claim for relief regarding his improper retention and/or use of certain materials/information/equipment.

Defendant asserts the following affirmative defenses in response to Plaintiff's claims:  Plaintiff's claims fail to state a claim upon which relief can be granted; Defendant terminated Plaintiff's employment for legitimate, non-discriminatory business reasons; Doctrines of unclean hands, laches, waiver and/or estoppel; Plaintiff's employment relationship with Defendant was "at-will," terminable by either party, with or

without cause, with or without advance notice; Section 4(f) of the A.D.E.A. of 1967, as amended, which states, inter alia, that is not unlawful for an employer (1) "to take any action other prohibited . . . where the differentiation is based on reasonable factors other than age; or (2) "discharge or otherwise discipline an individual for good cause;" Plaintiff's claims were not filed within the applicable statutes of limitations and/or administrative filing periods; Plaintiff is not entitled to a jury trial in connection with equitable claims or demands for equitable relief; Plaintiff has failed to state a claim for relief as to any purported equitable, declaratory and/or injunctive claims; Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action; and Plaintiff has failed to mitigate alleged damages.

1.2  The facts the parties <u>dispute</u> are as follows:

1.2.1   Whether Mr. Cheskiewicz's performance was poor.

1.2.2   Whether Defendant set knowingly unrealistic budgets and goals for Mr. Cheskiewicz.

1.2.3   Whether Defendant has discriminated against other employees on account of age.

1.2.4   Whether Defendant transferred sales credit from Mr. Cheskiewicz's group to other groups internationally without reciprocity.

<u>agree</u> upon are as follows:

1.2.5 Defendant has more than twenty employees.

1.2.6 Defendant hired Mr. Cheskiewicz as a sales manager for optics for North and South America in January 2007.

1.2.7   Defendant terminated Mr. Cheskiewicz's employment on February 11, 2010.

1.2.8   Mark Oesterle was less than forty years old when hired by Defendant.

1.2.9   From December 2007 to February 11, 2010, Mr. Cheskiewicz was directly supervised by Ruben Rivera, president of Defendant.

1.3 The legal issues the parties <u>dispute</u> are as follows:

1.3.1 Whether Defendant discriminated against Mr. Cheskiewicz on account of his age.

1.3.2 Whether Mr. Cheskiewicz breached his employment contract, misappropriated trade secrets and/or committed any related offenses related to his termination from HNI.

agree upon are as follows:

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None

1.5 Identify any named parties that have not yet been served:

None

1.6 Identify any additional parties that:

plaintiff(s) intends to join:

None

defendant(s) intends to join:

None at this time, however Defendant reserves its rights to join additional parties in the future depending on the information provided by Mr. Cheskiewicz during discovery with respect to Defendant's counterclaims.

1.7 Identify any additional claims that:

plaintiff(s) intends to add:

None

defendant(s) intends to add:

None at this time, however Defendant reserves its rights to add counterclaims in the future depending on the information provided by Mr. Cheskiewicz during discovery with respect to Defendant's counterclaims.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintff</u>:

| <u>Name</u> | <u>Title/Position</u> |
| --- | --- |
| Allan Cheskiewicz | Plaintiff |
| Ruben Rivera | President |
| Mark Oesterle | Substituted sales manager |
| Rob Donaldson | Former employee of Defendant |
| Nydia Negron | Former employee of Defendant |
| Reggie Scott | Employee of Defendant |

Disclosed by <u>Defendant</u>:

| <u>Name</u> | <u>Title/Position</u> |
| --- | --- |
| Ruben Rivera | President |

5

| | |
|---|---|
| Allan Cheskiewicz | Plaintiff |
| Julie Thomas | Human Resources Manager |
| Mark Oesterle | National Sales Manager |
| Rob Donaldson | Former employee of Defendant |
| Nydia Negron | Former employee of Defendant |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>            <u>Moving Party</u> <u>Anticipated Filing Date</u>

None

**4.0   Discovery**

    4.1   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):  None

        By defendant(s): Document requests and interrogatories to be served.

    4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

        <u>By the Plaintiff:</u>

            Depositions of all decision-makers and comparators, as well as of representatives of material customers.

      <u>By the Defendant</u>

      Depositions of Plaintiff and certain representatives of Defendant, the witnesses identified by the Plaintiff above and certain contacts of Plaintiff.  Defendant disagrees as to the extent and necessity of depositions of certain of Defendant's customers, and will address the propriety of such depositions on a case-by-case basis.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

      See above.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

      None

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

      4.5.1 depositions (excluding experts) to be taken by:

          plaintiff(s):__8__        defendant(s):__8__

      4.5.2 interrogatories to be served by:

          plaintiff(s):__30__       defendant(s):__30__

      4.5.3 document production requests to be served by:

          plaintiff(s):__30__       defendant(s):__30__

      4.5.4 requests for admission to be served by:

          plaintiff(s):__30__       defendant(s):__30__

4.6   Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions.

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Defendant anticipates that Plaintiff will request sensitive and confidential documentation regarding Defendant's sales figures, products and customers. As such, Defendant insists that the parties enter into a protective order to protect the confidentiality of certain information and documentation. Defendant hereby attaches a sample protective order.

Plaintiff's counsel has reviewed the proposed protective order and agrees to it with the exception of some language in Paragraphs 10 and 11, which counsel have discussed and are seeking agreement. It is expected that the protective order will be finalized and executed shortly.

**6.0   Scheduling**

6.1   Final date for joining additional parties:

   10/1/12        Plaintiff(s)
   10/1/12        Defendants(s)

6.2   Final date for amending pleadings:

   10/1/12        Plaintiff(s)

   10/1/12  Defendants(s)

6.3 All fact discovery commenced in time to be completed by:
10/1/12

6.4 All potentially dispositive motions should be filed by:  11/1/12

6.5 Reports from retained experts due:

  from plaintiff(s) by  11/1/12

  from defendant(s) by  12/1/12

6.6 Supplementations due  1/1/13

6.7 All expert discovery commenced in time to be completed by  2/1/13

6.8 This case may be appropriate for trial in approximately:

  __ 240 Days from the filing of the action in this court

  _x_ 365 Days from the filing of the action in this court

  __ Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:

  3/1/12 (month/year)

6.10 Trial

  6.10.1 Suggested Date for Trial:

   4/1/12 (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Allan Cheskiewicz
Name

Plaintiff
Title

23 Woodside Drive, Dallas, PA 18612
Address

(570) 675-8862                     Daytime Telephone


Yuri Rozenfeld
Name

General Counsel
Title

Heraeus Incorporated, One Summit Sq., Ste. 403

Langhorne, PA 19047
Address

(215) 944-9971                     Daytime Telephone

## 8.0 Alternative Dispute Resolution ("ADR")

8.1  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

   ADR procedure_____

   Date ADR to be commenced_____
   Date ADR to be completed_____

8.2  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

   Plaintiff is amenable to mediation.  Defendant is amenable to mediation, however mediation through the EEOC process was unsuccessful.

8.3  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y  _x_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

      ___ Scranton/Wilkes-Barre

      ___ Harrisburg

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.


Dated: 5/2/12              /s/ Kimberly D. Borland, Esquire
                                 Attorney(s) for Plaintiff(s)
                       G    ECF User(s)
                       G    Waiver requested (as separate document)
                       G    Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 5/2/12          /s/ Darin McMullen, Esquire
                       Attorneys(s) for Defendant(s)
                   G   ECF User(s)
                   G   Waiver requested (as separate document)
                   G   Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.