UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN CHESKIEWICZ,<br><br>    Plaintiff,<br><br>v.<br><br>HERAEUS NOBLELIGHT LLC<br><br>    Defendant. | CIVIL ACTION NO.: 12-cv-00369-RPC |

## AMENDED AGREED PROTECTIVE ORDER

This matter came on to be considered this _____ day of _____, 2012, Plaintiff Allan Cheskiewicz and the Defendant Heraeus NobleLight LLC, by and through counsel, having made it known to the Court that they have agreed to this Amended Agreed Protective Order ("Protective Order") with respect to discovery and other matters in this litigation, and it appearing that the parties have consented hereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Any party may in good faith designate any documents, interrogatory answers, admissions or other discovery materials (including deposition transcript pages as designated pursuant to paragraph 4 herein, and including discovery obtained from third parties) containing, comprising or referring or relating to confidential and proprietary facts, matters, data and information and information derived therefrom (collectively, "Materials"), produced or obtained as a result of discovery in this litigation, as "CONFIDENTIAL" and subject to this Protective Order.

phidocs-65265.3

2.      Except upon written consent of the producing party or an Order of this Court, Materials designated CONFIDENTIAL or otherwise deemed CONFIDENTIAL in accordance with this Protective Order shall be used solely for the purpose of the prosecution or defense of this action and not for any business or other purpose whatsoever, and shall be disclosed except as otherwise provided herein.  The use of information or Materials otherwise in the possession of the receiving party or that becomes public, other than by violation of this Protective Order, shall be subject to these restrictions.

3.      Designation of materials shall be accomplished for Materials other than transcripts by placing a stamp or other clear designation stating "CONFIDENTIAL" on the Materials, or a portion thereof, to be so designated.  In cases where it is impractical to stamp each page of a document, the designating party shall indicate on the face of the document that the entire document is CONFIDENTIAL.  In cases where Material to be produced is in a form other than paper, the designation of the Material as CONFIDENTIAL shall be affixed to the material itself or its container.

4.      Deposition testimony by any party or any deponent which contains or reflects CONFIDENTIAL information shall be governed by the terms of this Protective Order.  All deposition testimony shall be deemed confidential at and following the deposition and thereafter for a period of 60 days after counsel's receipt of a copy of the transcript.  The parties shall identify the whole of any deposition transcript or those portions, if any, of a deposition transcript which are to remain confidential with 60 days of receipt of the transcript.  If another party wishes to challenge the confidentiality designations, the challenging party shall, within 60 days of receipt of the confidentiality

designations, identify those designated portions of the deposition that it believes should not remain confidential.

     5.     The failure to designate Material as CONFIDENTIAL under the terms of this Protective Order at the time such document or material is produced or, in the case of deposition transcripts, within 60 days of receipt of the transcript, shall not constitute a waiver of the producing party's right subsequently to designate such Materials as CONFIDENTIAL, provided that such party notifies all other parties within a reasonable amount of time after becoming aware that such materials should have been designated CONFIDENTIAL. Following the designation of Materials as CONFIDENTIAL in accordance with the terms of this Protective Order, such Materials shall thereafter be treated as if they were so designated at the time of their production or disclosure; provided, however, that no disclosure or other use of such Materials inconsistent with the terms hereof that occurs before the party in possession thereof has received notice of the producing party's designation of such Materials as CONFIDENTIAL shall not constitute a violation of this Protective Order.

     6.     Any party may designate as CONFIDENTIAL Materials that were produced in this action prior to the execution of this Protective Order by informing all counsel in writing that such Materials, identified by Bates number, or in the case of discovery responses, title, are to be treated as CONFIDENTIAL in accordance with this Protective Order. If any party intends to use Materials so designated (including, without limitation, at deposition or in any filing with the Court), the party using the Materials shall first mark the Materials as CONFIDENTIAL in the manner set forth in paragraph 4 herein.

7.     The parties to this Protective Order shall not disseminate or disclose information or material designated CONFIDENTIAL except as set forth herein. Disclosure of CONFIDENTIAL information shall be limited to the parties, counsel for the parties, counsel's investigators and legal and clerical assistance, and those categories of persons listed in paragraph 8 below who are necessary to the prosecution or defense of this action.

8.     Except upon prior written consent of the producing party, CONFIDENTIAL information may be disclosed to the following qualified persons on a need-to-know basis:

(a)   Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL information is reasonably necessary to their anticipated testimony, provided that counsel shall use reasonable efforts to obtain the witness' agreement to keep as confidential all CONFIDENTIAL information.

(b)   Any person retained or anticipated to be retained by any party or their counsel (including outside, in-house, or corporate counsel) for the sole purpose of providing expert testimony in the above-referenced litigation and such person's investigators, and professional or clerical assistants, and any person retained by any party or their counsel for the purpose of providing professional consultation or other advisory services in connection with this action and such person's investigators and professional and clerical assistants, if CONFIDENTIAL information is reasonably necessary and related to their anticipated or consultation

services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

(c)   Any officers, directors, employees, auditors or attorneys (outside, in-house and corporate) of a party to this action; and

(d)   Court reporters transcribing depositions;

provided however, that the parties may, by further agreement or Order of the Court, make this Protective Order more or less restrictive as to particular CONFIDENTIAL Materials than as provided in this paragraph.

9.   CONFIDENTIAL Materials shall not be disclosed to any person or persons under subparagraphs 8(a), (b) and (c) unless and until such person or persons has been instructed that said Materials are being disclosed pursuant to and subject to this Protective Order.

10.   All originals and copies of CONFIDENTIAL Material, together with any extracts or summaries thereof or any notes or other records regarding CONFIDENTIAL Material, shall, continue to be subject to this Protective Order and its disclosure requirements after final disposition of this litigation, whether by dismissal, settlement, judgment or appeal.  Following the necessary period for the parties' counsel to retain records of the litigation, the CONFIDENTIAL material shall be returned to the producing party or be destroyed by shredding or by deposition of CONFIDENTIAL Material in an appropriate licensed, certified or governmentally approved landfill or by some other process agreed upon by the parties that substantially reduces the risk that CONFIDENTIAL Material could become available to unauthorized persons. CONFIDENTIAL Materials shall not be disposed of with or as ordinary trash.

11. CONFIDENTIAL Materials may be filed with the Court, or included in whole or in part in pleadings, motions or briefs, only if submitted under seal. Such filings shall be submitted in sealed envelopes, each of which shall bear the case number of this action and a statement substantially in the following form: "This envelope contains documents protected from disclosure under an Protective Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court except by Order of the Court." Copies of papers submitted directly to the Judge expected to bear the matter shall bear the same statement noting that the papers have been filed under seal. Should the Court not accept certain filings or documents under seal, the parties will confer and attempt to agree on either removing or challenging the CONFIDENTIAL designation and/or present the dispute to the Court for resolution.

12. Before trial of this action or any hearing involving CONFIDENTIAL Materials or information derived therefrom, counsel for the parties shall meet and attempt to agree on appropriate form of order to submit to the Court regarding the CONFIDENTIAL status, if any, to be afforded documents, testimony or other information to be disclosed during the course of trial or hearing. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

13. If a party in possession of CONFIDENTIAL Materials receives a subpoena seeking production or other disclosure thereof, it shall immediately give written notice to counsel for the producing party, indicating the CONFIDENTIAL Materials sought and enclosing a copy of the subpoena. Where possible, at least ten

(10) days' written notice shall be given before production or other disclosure is demanded. No party receiving such a subpoena or process shall furnish copies of the CONFIDENTIAL Materials to, or permit inspection thereof by, the person seeking the CONFIDENTIAL Materials by subpoena or process, except pursuant to the consent of the original producing party or an order of a court of competent jurisdiction.

14. Nothing in this Protective Order shall operate as an admission by any party receiving disclosed documents or materials that any particular document or material is, or is not, confidential. Initial failure to challenge a CONFIDENTIAL designation shall not preclude subsequent challenge thereto.

15. Nothing in this Protective Order shall operate to require the production of documents or materials that are privileged or otherwise protected from discovery. Nothing in this Protective Order shall operate as an admission by any party that any particular document or material is, or is not, privileged.

16. Nothing herein shall be construed as a waiver or otherwise limit the right of any Party to claim that any document or information inadvertently produced in discovery is subject to the attorney-client privilege or any other applicable privileges or protections. If such circumstance arises, the producing Party shall give written notice to the receiving Parties that a document or information inadvertently produced is deemed privileged and that the return of the document or information is requested. Within five (5) working days after the receipt of such written notice, the receiving Parties shall gather the original and all copies of the document or information of which the receiving Parties are aware and shall immediately return the original and all copies to the producing Party. The receiving Party shall not withhold the return of the document or

information of the grounds that the document or information is not subject to privilege or is not covered by this Agreement. Instead, it must move the Court to compel production of the returned documents. The receiving Party will be precluded from using the inadvertently released document or information in any form or manner, unless and until it is expressly allowed by order of the Court.

17. It is expressly understood that a producing party may voluntarily re-produce in another action the CONFIDENTIAL Materials that it produces or discloses in this action, without seeking the consent of the parties or the approval of the Court in this action.

18. Except as otherwise provided hereto, nothing in this Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

19. The execution of this Protective Order shall not be construed as an agreement by any party to produce or supply any information, as a waiver by any party of its rights to object to any discovery sought by any other party as a waiver of any privilege. Production, receipt, or designation of information pursuant to this Protective Order shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

20. Failure to comply with the terms of this Protective Order may result in sanctions imposed upon noncompliant parties.

21.  This Protective Order shall remain in full force and effect during the pendency of, and shall survive the termination of this action, until such time as it is modified, amended or rescinded by the Court.

Signed: _____

_____
Presiding Judge

Dated:   May 17, 2012

I hereby consent to the form

and entry of the within Order:

| /s/ Darin McMullen | /s/ Kimberly D. Borland |
|---|---|
| DARIN MCMULLEN, ESQUIRE | KIMBERLY D. BORLAND, ESQUIRE |
| JERRY GOLDMAN, ESQUIRE | BORLAND & BORLAND, LLP |
| ANDERSON KILL & OLICK, P.C. | 69 PUBLIC SQUARE |
| 1600 MARKET STREET, SUITE 2500 | 11TH FLOOR |
| PHILADELPHIA, PA 19103 | WILKES-BARRE PA  18701 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |