IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN CHESKIEWICZ, | : |
| Plaintiff | : (Judge Conaboy) |
| v. | : No. 12-cv-00369 |
| HEREAUS NOBLE LIGHT, LLC | : (Filed Electronically) |
| Defendant | : <u>Jury Trial Demanded</u> |

**<u>PLAINTIFF'S ANSWER TO COUNTERCLAIM</u>**

Plaintiff, Allan Cheskiewicz, by and through his attorneys, Borland & Borland, L.L.P., hereby makes the following response to the Counterclaim:

45. Denied. The averments contained in Paragraph 45 of the Counterclaim are denied inasmuch as they do not require a responsive pleading. By way of further answer, Counter-Defendant has not illegally retained personal property nor disclosed confidential information.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Denied. The averments contained in Paragraph 52 of the Counterclaim are denied inasmuch as they do not require a responsive pleading. The document speaks for itself.

1

53. Denied. The averments contained in Paragraph 53 of the Counterclaim are denied inasmuch as they do not require a responsive pleading. The document speaks for itself.

54. Denied. The averments contained in Paragraph 54 of the Counterclaim are denied inasmuch as they do not require a responsive pleading. The document speaks for itself.

55. Admitted.

56. Admitted.

57. Admitted in part and denied in part. Counter-Defendant has retained certain personal property obtained in the course of his employment, but has not withheld them from Counter-Plaintiff nor refused to provide them to Counter-Plaintiff appropriately.

58. Denied. The averments contained in Paragraph 58 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

59. Denied. The averments contained in Paragraph 59 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

60. Denied. The averments contained in Paragraph 60 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

61. Denied. Counter-Plaintiff has not made repeated requests to Counter-Defendant to return property to it.

62. Denied. Counter-Defendant is willing to return certain property to Counter-Plaintiff appropriately.

63. Denied.

64. Denied. The averments contained in Paragraph 64 of the Counterclaim are denied inasmuch as they do not require a responsive pleading.

65. Denied. The averments contained in Paragraph 65 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

66. Denied. The averments contained in Paragraph 66 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

67. Denied. The averments contained in Paragraph 67 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

68. Denied.

69. Denied. The averments contained in Paragraph 69 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

70. Denied. The averments contained in Paragraph 70 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

71. Denied.

72. Denied. The averments contained in Paragraph 72 of the Counterclaim are denied insofar as, after reasonable investigation, Plaintiff is without sufficient knowledge or information to form a belief as to the truthfulness of the averments contained therein, and these averments are, therefore, denied, and strict proof thereof is demanded at trial.

73. Denied. The averments contained in Paragraph 73 of the Counterclaim are denied inasmuch as they do not require a responsive pleading.

74. Denied. The averments contained in Paragraph 74 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

75. Denied. The averments contained in Paragraph 75 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

76. Denied. The averments contained in Paragraph 76 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

77. Denied. The averments contained in Paragraph 77 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

78. Denied. The averments contained in Paragraph 78 of the Counterclaim are denied insofar as, after reasonable investigation, Plaintiff is without sufficient knowledge or information to form a belief as to the truthfulness of the averments

contained therein, and these averments are, therefore, denied, and strict proof thereof is demanded at trial.

79. Denied. The averments contained in Paragraph 79 of the Counterclaim are denied inasmuch as they do not require a responsive pleading.

80. Admitted.

81. Denied. The averments contained in Paragraph 81 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

82. Denied. The averments contained in Paragraph 82 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

83. Admitted as to some items, denied generally.

84. Denied. Counter-Defendant is willing to return certain property to Counter-Plaintiff appropriately.

85. Denied. The averments contained in Paragraph 85 of the Counterclaim are denied to the extent that they constitute conclusions of law to which no responsive pleading is required.

86. Denied. The averments contained in Paragraph 86 of the Counterclaim are denied insofar as, after reasonable investigation, Plaintiff is without sufficient knowledge or information to form a belief as to the truthfulness of the averments contained therein, and these averments are, therefore, denied, and strict proof thereof is demanded at trial.

## **AFFIRMATIVE DEFENSES**

1. The equitable claims are barred by the doctrine of laches.

2. The equitable claims are barred by the doctrine of unclean hands.

3. Counter-Plaintiff has failed to mitigate its damages.

4. The claims are barred by the doctrine of estoppel.

5. The claims are barred by the doctrine of waiver.

6. Counter-plaintiff is entitled to offset by his claims against Counter-Defendant.

RESPECTFULLY SUBMITTED:

Borland and Borland, L.L.P.

By: /s/ Kimberly D. Borland
KIMBERLY D. BORLAND, ESQUIRE
Attorney ID #23673
69 Public Square, 11th Floor
Wilkes-Barre, PA 18701
Attorney for the Plaintiff
(570) 822-3311
(570) 822-9894 (Fax)

## CERTIFICATE OF SERVICE

I, Kimberly D. Borland, Esquire hereby certify that on this 4th day of June, 2012 a true and correct copy of the foregoing Answer was filed electronically and is available for viewing and downloading from the Court's ECF system and was served upon the following attorney via the Court's ECF system:

        DARIN MCMULLEN EQUIRE
        ANDERSON KILL & OLICK, P.C.
        1600 MARKET STREET, SUITE 2500
        PHILADELPHIA PA  19103
        Attorney for the Defendant


        /s/ Kimberly D. Borland
        Kimberly D. Borland