# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN CHESKIEWICZ,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS NOBLELIGHT LLC<br><br>Defendant. | CIVIL ACTION  NO.: 12-cv-00369-RPC |

### DEFENDANT'S  FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Heraeus NobleLight LLC ("HNI"), by and through its undersigned attorneys, hereby requests that Plaintiff Allan Cheskiewicz provide written responses to the following Interrogatories herein ("Defendant's First Set of Interrogatories") in accordance with the definitions and instructions set forth below, at the offices of Defendant's counsel, Anderson Kill & Olick, P.C., 1600 Market Street, Suite 2500, Philadelphia, PA 19103, within the allotted time to respond to such interrogatories.

### DEFINITIONS

I.    All definitions and rules of construction set forth in Federal Rules 26, 33 and Local Rules 33.1, 33.2 and 33.3, shall apply to all Interrogatories herein.

A.    "You" and "your" and "Plaintiff" means Plaintiff Allan Cheskiewicz, and any employees, attorneys, agents, representatives, beneficiaries, or other persons acting or purporting to act on his behalf.

B.    "HNI" or "Defendant" solely for the purposes of this First Set of Interrogatories, means Heraeus NobleLight LLC.

C.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

D.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

E.  When referring to a document, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

F.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

II.  The following rules of construction apply to all discovery requests:

A.  The terms "all" and "each" shall be construed as all and each.

B.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.  The use of the singular form of any word includes the plural

D.  Time Period: Each request is for information from the date of the first acts or events on which Plaintiff may rely in any way in this action, up to and including the date you respond to these requests.

## INSTRUCTIONS

A.  This First Set of Interrogatories is continuing in nature. If at any time Plaintiff or his attorneys obtain information in addition to that which previously has been produced to HNI, prompt supplementation of Plaintiff's responses to these requests is required.

B.  Please answer each Interrogatory separately.

C.  If Plaintiff contends that he is entitled to withhold an answer from any Interrogatory herein on the basis of the attorney/client privilege, the work product doctrine or on any other ground, please identify with specificity the nature of the privilege claimed and grounds for claiming the privilege.

D.    If Plaintiff answers the Interrogatory by reference to records, Plaintiff shall adhere to Federal Rule 33(d).

E.    Whenever an interrogatory asks you to state the basis for or explain a particular allegation in your pleadings or an interrogatory response, please:

(a)    state each and every fact, with particularity and in detail, which you contend supports the allegation or response;

(b)    state each and every fact, with particularity and in detail, that tends to refute, negate or in any way contradict the allegation or response;

(c)    identify each document and communication relied upon by you in making the allegation or response, and in formulating the particular interrogatory response; and

(d)    identify each person who has knowledge of or information as to the facts referred to in the response.

F.    If any of the Interrogatories herein cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder, stating whatever information, knowledge, or belief you do have concerning the unanswered portion, and identifying any person(s) who may have additional information or knowledge to complete the response.

G.    If you object to any part of an Interrogatory, answer all parts of the Interrogatory to which you do not object.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify all persons with knowledge or information relevant to your allegations in the Complaint.  For each person, please state in detail what knowledge or information such persons have concerning the allegations in the Complaint and state the name, address and telephone number of each person.

## RESPONSE TO INTERROGATORY NO. 1

**INTERROGATORY NO. 2:**        Identify the existence, location and general description of all relevant documents, including but not limited to electronically-stored information, other physical evidence, tangible things or information of a similar nature concerning the allegations in the Complaint and identify all persons having possession, custody or control of them.

**RESPONSE TO INTERROGATORY NO. 2**

**INTERROGATORY NO. 3:**        Describe in detail a computation of each category of damages you allege in the Complaint.

**RESPONSE TO INTERROGATORY NO. 3**

**INTERROGATORY NO. 4:**        Identify and state the name, address and telephone number of each person who has been contacted or who supplied information in responding to these interrogatories, identifying in your response the particular

interrogatories for which each person was contacted or supplied information.

## RESPONSE TO INTERROGATORY NO. 4

**INTERROGATORY NO. 5:**        Describe in detail what, if any, equipment and/or documentation you have in your possession, custody and control that you acquired from HNI and/or as an employee of HNI, including but not limited to, computer equipment, mobile telephone equipment, sales reports and company data, and your basis for maintaining possession, custody and control over any items and not returning them to HNI.

## RESPONSE TO INTERROGATORY NO. 5

**INTERROGATORY NO. 6:**        Identify each person that you intend to call as an expert witness in this case and identify the substance of the findings and opinions to which each such expert is expected to testify and a summary of the grounds of each opinion.

## RESPONSE TO INTERROGATORY NO. 6

phidocs-65207.1

5

**INTERROGATORY NO. 7:**       Describe in detail all facts upon which your allegation of age discrimination is based, including in your response every action that you contend made up the allegedly discriminatory treatment.

**RESPONSE TO INTERROGATORY NO. 7**

**INTERROGATORY NO. 8:**       Describe in detail all facts upon which you base your statement in paragraph 22 of the Complaint that "Defendant's assessment of Plaintiff's sales performance was based upon on [sic] an unrealistic budget and set of goals."

**RESPONSE TO INTERROGATORY NO. 8**

**INTERROGATORY NO. 9:**       Describe in detail all facts upon which you base your statement in paragraph 23 of the Complaint that "[s]ales losses were due to

6

circumstances beyond the control or influence of Plaintiff."

**RESPONSE TO INTERROGATORY NO. 9**

**INTERROGATORY NO. 10:**     Describe in detail all facts upon which you base your statement in paragraph 24 of the Complaint that "[d]uring Plaintiff's tenure with Defendant, Defendant transferred some sales credit from Plaintiff's group to other groups internationally while not keeping or transferring credit to Plaintiff's numbers from other groups for the same reason."

**RESPONSE TO INTERROGATORY NO. 10**

**INTERROGATORY NO. 11:**     Describe in detail all facts upon which you base your statement in paragraph 25 of the Complaint that "Plaintiff's sales numbers were impaired by the loss of support staff before his tenure, which support staff was not replaced by Defendant."

**RESPONSE TO INTERROGATORY NO. 11**

**INTERROGATORY NO. 12:**       Describe in detail all facts upon which you base your statement in paragraph 26 of the Complaint that "Plaintiff recovered and maintained sales from customers previously being lost or about to be lost to Defendant, which customers had been the sales responsibility of other employees of Defendant."

**RESPONSE TO INTERROGATORY NO. 12**

**INTERROGATORY NO. 13:**       Describe in detail all facts upon which you base your statement in paragraph 32 of the Complaint that "Mr. Rivera was also a decision-maker or decision-influencer with regard to the termination of the employment and/or resignation of other older employees of Defendant, specifically Rob Donaldson and Nydia Negron, both over the age of fifty at the time their employment with Defendant ended, on account of their age."

**RESPONSE TO INTERROGATORY NO. 13**

**INTERROGATORY NO. 14:**      Describe in detail all facts upon which you base your statement in paragraph 33 of the Complaint that "Mr. Rivera unfavorably referred to Ms. Negron with the ageist description of 'mother hen.'"

**RESPONSE TO INTERROGATORY NO. 14**

**INTERROGATORY NO. 15:**      Describe in detail all facts upon which you base your statement in paragraph 34 of the Complaint that "Plaintiff's performance was measured by different criteria, to his detriment, than similarly situated employees of Defendant younger than Plaintiff, specifically Reggie Scott."

**RESPONSE TO INTERROGATORY NO. 15**

**INTERROGATORY NO. 16:**      Describe in detail any and all communications, including but not limited to performance appraisals, evaluations and conversations, between you and Ruben Rivera and/or any other superior at HNI regarding your performance.

**RESPONSE TO INTERROGATORY NO. 16**

phidocs-65207.1

9

**INTERROGATORY NO. 17:**      Describe in detail all facts concerning your allegation that HNI terminated Rob Donaldson and/or forced him to resign on account of his age.

**RESPONSE TO INTERROGATORY NO. 17**

**INTERROGATORY NO. 18:**      Describe in detail all facts concerning your allegation that HNI terminated Nydia Negron and/or forced her to resign on account of her age.

**RESPONSE TO INTERROGATORY NO. 18**

**INTERROGATORY NO. 19:**      Describe in detail all of Plaintiff's efforts to secure employment or otherwise mitigate his damages on or after February 1, 2010 and any income and/or gain that Plaintiff has received since that date.

**RESPONSE TO INTERROGATORY NO. 19**

**INTERROGATORY NO. 20:**      Identify any and all legal or administrative actions,

arbitrations, mediations and/or other dispute resolution matters in which Plaintiff is or

was a party or a witness or in any way involved, including but not limited to the

underlying Equal Employment Opportunity Commission proceeding.

**RESPONSE TO INTERROGATORY NO. 20**


**INTERROGATORY NO. 21:**      Describe in detail any communications you have had

with any person concerning equipment and/or documentation you have in your

possession, custody and control that you acquired from HNI and/or as an employee of

HNI, and identify each and every person with whom you have had any such

communications and the nature of those communications.  In addition, describe in detail

what use, if any, you have made of the equipment and/or documentation since your

termination from HNI and identify any communications, including but not limited to e-mail

messages and text messages, you have sent with the equipment since your termination

from HNI.

**RESPONSE TO INTERROGATORY NO. 21**

**INTERROGATORY NO. 22:**       Identify any facts and defenses you have and/or plan

to assert in response to HNI's Counterclaims.

**RESPONSE TO INTERROGATORY NO. 22**

Dated: May 2, 2012

Respectfully submitted,

Jerry S. Goldman, Esquire
Darin J. McMullen, Esquire
Anderson Kill & Olick, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(267) 216-2700

Attorneys for Defendant,
*Heraeus NobleLight LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of May 2012, a copy of the

foregoing Defendant's First Set of Interrogatories was served via email and first-class

mail on:

        Kimberly D. Borland, Esq.
        Borland & Borland, L.L.P.
        11th Floor
        69 Public Square
        Wilkes-Barre, PA 18701-2597
        kborland@borlandandborland.com

**ATTORNEYS FOR PLAINTIFF ALLAN
CHESKIEWICZ**

Jerry Goldman

13