# EXHIBIT B

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN CHESKIEWICZ, <br><br>                   Plaintiff, <br><br>       v. <br><br> HERAEUS NOBLELIGHT LLC <br><br>                   Defendant. | CIVIL ACTION  NO.:  12-cv-00369-RPC |

### DEFENDANT'S  FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Heraeus NobleLight LLC ("HNI"), by and through their undersigned attorneys, hereby request that Plaintiff Allan Cheskiewicz produce the documents requested herein ("Defendant's First Request for the Production of Documents") in accordance with the definitions and instructions set forth below, at the offices of Defendant's counsel, Anderson Kill & Olick, P.C., 1600 Market Street, Suite 2500, Philadelphia, PA 19103, within the allotted time to respond to such requests.

### DEFINITIONS AND INSTRUCTIONS

A.     All definitions and rules of construction set forth in Federal Rules 26 and 34 shall apply to all requests for documents herein.

B.     "Plaintiff" means Allan Cheskiewicz, and any employees, attorneys, agents, representatives, beneficiaries or other persons acting or purporting to act on his behalf.

C.     "HNI" or "Defendant," solely for the purposes of this First Request for the Production of Documents, means Heraeus NobleLight LLC.

D.     "HNI document," solely for the purposes of this First Request for the Production of Documents, means any document produced or created by any employee of Heraeus NobleLight LLC addressed to or received by any employee of Heraeus NobleLight LLC or obtained from or maintained at any time in the offices or files of any Heraeus NobleLight LLC employee.

1

E.     "Business" means the business of Heraeus NobleLight LLC, or any of its subsidiaries, affiliated or predecessor companies.

F.     "Including" means including, but without limitation.

G.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

H.     The words "document" or "documents" when used herein shall mean all originals, drafts, and copies which differ in any way from the original of all written, recorded, or graphic matter, whether produced or reproduced by handwriting, printing, drawing, magnetic recording, electronically, computer, any device that produces, receives, sends, or stores e-mail, computer, or electronic data or information of any sort or kind, photograph, photostat, printing tape, transcription or spoken language, or other record of spoken language, typewriting, writing, or any other means and which include, without limitation, accountant statements, addenda, agreements, appointment books, analyses, bank statements, bills, books, business records, cablegrams, calendars, cards, checks, charts, claims files, computer hardcopies, computer printouts, computer tapes, contracts, correspondence, credit memoranda, diaries, documents, e-mails, expense accounts, file cards, films, financial statements and reports, handwritten notes, insurance policies, invoices, journals, ledgers, letters, logs, memoranda, memorials in any form of telephone conversations, minutes, notes, notices, pamphlets, papers, purchase orders, personnel records, rate cards, receipts, recordings, reports, telegrams, view graphs, and any other pertinent information set forth in written language or any electronic representation thereof and any carbon or photostatic copies of such materials if Plaintiff does not have control over or possession of the original.

The words "document" or "documents" also include electronically stored information on a computer or a computer disk, diskette, tape, or card, as well as any e-mail, electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind, whether presently printed out or not.

The words "document" or "documents" also include any and all drafts of, or amendments or supplements to, any of the foregoing, whether prepared by Plaintiff or any other person, as well as any copies of the document that differ from the copy being produced (e.g., a differing copy is one that contains handwritten notes, interlineation, underlining, or the like).

2

I.     The term "all documents" shall mean each and every document in your actual or constructive possession, custody, or control, or, where appropriate, in the actual or constructive possession, custody, or control of your attorneys, accountants, representatives, employees, subsidiaries, or affiliates. All documents produced in response to this First Request for the Production of Documents shall be organized and labeled to correspond to the particular request number or subpart as provided for in Federal Rule of Civil Procedure 34(b)(2)(E).

J.     "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquires or otherwise).

K.     And/Or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all response that might otherwise be construed to be outside of its scope.

L.     Number: The use of the singular form of any word includes the plural and vice versa.

M.     Time Period: Unless otherwise specified, each request is for documents from the date of the first acts or events on which Plaintiff may rely in any way in this action, up to and including the date Plaintiff responds to these requests.

N.     This First Request for the Production of Documents is continuing in nature. If at any time Plaintiff or his attorneys obtain documents in addition to that which previously has been produced, prompt supplementation of Plaintiff's responses to these requests is required.

O.     If Plaintiff contends that he is entitled to withhold from production any or all documents requested herein on the basis of the attorney/client privilege, the work product doctrine or on any other ground, please identify the nature of the privilege claimed and identify: (i) the type of document; (ii) the general subject matter of the document; (iii) the date appearing on the document, or if no date appears the date that the document was prepared; (iv) the author of the document; (v) the addressee of the document; (vi) each person other than the addressee to whom the document or a copy thereof was shown or sent or with whom the document was discussed; and (vii) the name of the person who has custody of the document.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**   All documents concerning, or that form the basis of, or are relied upon to support, any of the allegations in Plaintiff's Complaint.

**REQUEST NO. 2:**   All documents concerning any of Defendant's denials as set forth in Defendant's Affirmative Defenses to Plaintiff's allegations in the Complaint.

**REQUEST NO. 3:**   All documents concerning any of Defendant's Counterclaims and Plaintiff's defenses thereto.

**REQUEST NO. 4:**   All documents concerning any communication between Plaintiff and any other person concerning any of the allegations in the Complaint.

**REQUEST NO. 5:**   All documents concerning any communications between Plaintiff and Nydia Negron, Rob Donaldson and/or any other former or current employee of HNI regarding your and/or their employment with HNI.

**REQUEST NO. 6:**   All documents concerning Plaintiff's assertion in paragraph 22 of the Complaint that "Defendant's assessment of Plaintiff's sales performance was based upon an unrealistic budget and set of goals."

**REQUEST NO. 7:**   All documents concerning Plaintiff's assertion in paragraph 24 of the Complaint that "[d]uring Plaintiff's tenure with Defendant, Defendant transferred some sales credit from Plaintiff's group to other groups internationally while not keeping or transferring credit to Plaintiff's numbers from other groups for the same reason."

**REQUEST NO. 8:**   All documents concerning Plaintiff's assertion in paragraph 25 of the Complaint that "Plaintiff's sales numbers were impaired by the loss of support staff before his tenure, which support staff was not replaced by Defendant."

**REQUEST NO. 9:**   All documents concerning Plaintiff's assertion in paragraph 26 of the Complaint that "Plaintiff recovered and maintained sales from customers previously

4

being lost or about to be lost to Defendant, which customers had been the sales responsibility of other employees of Defendant."

**REQUEST NO. 10:** All documents, whether HNI documents or documents made by Plaintiff, now in Plaintiffs possession, custody or control concerning Plaintiff's employment at HNI, including but not limited to Plaintiff's:

       (a)    Job description, duties and responsibilities while employed at HNI;

       (b)    Any alleged agreement or contract with HNI;

       (c)    Formal or informal performance appraisals or evaluations;

       (d)    W-2s, 1099 forms, or other proof of income since January 1, 2007 through the present;

       (e)    Business diaries, journals, logs or notes; and

       (f)    Copies of Company policies and procedures.

**REQUEST NO. 11:** All documents concerning any damages allegedly caused by HNI, including without limitation, all documents concerning any calculation of any damages alleged in the Complaint.

**REQUEST NO. 12:** All documents concerning any base pay, back pay, front pay, bonuses, expense reimbursement and/or fringe benefits that Plaintiff alleges are owed to him as set forth in the Complaint.

**REQUEST NO. 13:** All documents concerning Plaintiff's efforts to secure employment or otherwise mitigate his damages on or after February 1, 2010, including but not limited to correspondence, job applications, resumes, requests for interviews, responses, acceptance or rejection letters, and diary and/or calendar entries or notes regarding job interviews.

**REQUEST NO. 14:** All documents relating to any activity for remuneration or gain in which Plaintiff has been engaged since February 1, 2010 to the present, exclusive of Plaintiff's employment with HNI.

**REQUEST NO. 15:** All documents concerning Plaintiff's proof of income since February 1, 2010 to the present, including but not limited to Plaintiff's tax returns.

**REQUEST NO. 16:** All HNI documents that Plaintiff has in his possession or has provided to his counsel, from whatever source derived.

**REQUEST NO. 17:** All documents submitted to and/or concerning Plaintiff's submission or charge to the Equal Employment Opportunity Commission.

**REQUEST NO. 18:** All documents concerning the categories of documents which are identified in Plaintiff's Complaint, Interrogatory Answers and/or Initial Disclosures.

**REQUEST NO. 19:** All documents concerning any formal or informal claim, internal or external complaint, charge or allegation of discrimination, breach of contract or common law against Defendant or any current or former employee of Defendant that Plaintiff has communicated, directly or indirectly, to any person or entity, including, without limitation, to any current or former employees of Defendant at any time.

**REQUEST NO. 20:** All documents, including transcripts of testimony or affidavits, concerning other lawsuits, complaints, charges, or settlement agreements in any forum to which Plaintiff is or was a party or a witness.

**REQUEST NO. 21:** All documents that Plaintiff intends to use at any deposition or trial of this action.

**REQUEST NO. 22:** All documents concerning the reports of all experts retained to testify in this action, including but not limited to documents and data they relied on or considered in rendering their opinion or report.

**REQUEST NO. 23:** All documents concerning any HNI equipment and/or documentation retained or possessed by Plaintiff at any time.

**REQUEST NO. 24:** All documents concerning any employment agreement that Cheskiewicz signed with HNI.

Dated: May 2, 2012

Respectfully submitted,

Jerry S. Goldman, Esq.
Darin J. McMullen, Esq.
Anderson Kill & Olick, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(267) 216-2700

Attorneys for Defendant,
*Heraeus NobleLight LLC*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of May 2012, a copy of the

foregoing Defendant's First Request for the Production of Documents was served via

email and first-class mail on:

>Kimberly D. Borland, Esq.
>Borland & Borland, L.L.P.
>11th Floor
>69 Public Square
>Wilkes-Barre, PA 18701-2597
>kborland@borlandandborland.com

>**ATTORNEYS FOR PLAINTIFF ALLAN
>CHESKIEWICZ**

Jerry Goldman

8